IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNE M., DAVID W., and E.W-M., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, and the MOTION PICTURE INDUSTRY HEALTH PLAN FOR ACTIVE PARTICIPANTS, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS <br><br><br> Case No. 2:18-CV-808 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss. Defendants seek dismissal of Plaintiffs' second cause of action under the Mental Health Parity and Addiction Equality Act (the "Parity Act") and dismissal of Anne and David's individual claims. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I. BACKGROUND

The following facts are taken from Plaintiffs' Complaint and are viewed in the light most favorable to Plaintiffs as the non-moving party.

Anne M. ("Anne") and David W. ("David") are the parents of E.W-M. ("E"). Anne was a participant in the Motion Picture Industry Health Plan for Active Participants ("the Plan") and E was a beneficiary of the Plan. The Plan is a self-funded employee welfare benefits plan under the Employee Retirement Income Security Act of 1974 ("ERISA").

E suffers from various mental health and behavioral issues. Eventually, E was admitted to Uinta Academy ("Uinta"), a residential treatment facility located in Utah. Uinta provides sub-

1

acute treatment to adolescent girls who have experienced trauma and have mental health, behavioral, or substance abuse problems. E stayed at Uinta from November 14, 2014, through October 6, 2016.

Anne and David submitted a claim to United Behavioral Health ("UBH") for E's treatment at Uinta. UBH denied Plaintiffs' claim initially and again on appeal. Plaintiffs allege that Anne and David incurred medical expenses totaling over $170,000 that should have been paid by the Plan. Plaintiffs bring suit under ERISA to recover benefits under the Plan. Additionally, Plaintiffs bring suit under the Parity Act.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

2

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[7] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

## III. DISCUSSION

A.  PARITY ACT

"Congress enacted the [Parity Act] to end discrimination in the provision of insurance coverage for mental health and substance use disorders as compared to coverage for medical and surgical conditions in employer-sponsored group health plans."[10] The Act requires that a plan's

---

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[10] *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 356 (2d Cir. 2016).

treatment and financial limitations on mental health or substance abuse disorder benefits be no more restrictive than the limitations for medical and surgical benefits.[11]

The Parity Act's implementing regulations state:

> A group health plan (or health insurance coverage) may not impose a nonquantitative treatment limitation with respect to mental health or substance use disorder benefits in any classification unless, under the terms of the plan (or health insurance coverage) as written and in operation, any processes, strategies, evidentiary standards, or other factors used in applying the nonquantitative treatment limitation to mental health or substance use disorder benefits in the classification are comparable to, and are applied no more stringently than, the processes, strategies, evidentiary standards, or other factors used in applying the limitation with respect to medical/surgical benefits in the classification.[12]

As this Court recently stated, "there is no clear law on what is required to state a claim for a Parity Act violation."[13] The parties rely on a three-part test that many courts have applied and found useful. However, this test is difficult to apply where, as here, Plaintiffs are asserting an as-applied challenge rather than a facial challenge.[14] Therefore, the Court declines to adopt it.

Under an as-applied challenge, a plaintiff may "allege an impermissible mental-health exclusion 'in application'—as opposed to a facial attack relying solely on the terms of the plan at issue."[15] To state a plausible claim under this theory, a plaintiff may allege that a defendant

---

[11] *See* 29 U.S.C. § 1185a(a)(3)(A)(ii).

[12] 29 C.F.R. § 2590.712(c)(4)(i).

[13] *Michael D. v. Anthem Health Plans of Ky., Inc.*, ---F. Supp. 3d---, 2019 WL 586673, at *7 (D. Utah Feb. 13, 2019).

[14] *H.H. v. Aetna Ins. Co.*, 342 F. Supp. 3d 1311, 1319 (S.D. Fla. 2018) (recognizing that courts have recognized both as-applied and facial challenges).

[15] *A.Z. ex rel. E.Z. v. Regence Blueshield*, 333 F. Supp. 3d 1069, 1081 (W.D. Wash. 2018).

"differentially applies a facially neutral plan term."[16] Thus, Plaintiffs "can make an as-applied challenge by alleging that the mental health or substance abuse services at issue meet the criteria imposed by [the] insurance plan and that the insurer imposed some additional criteria to deny coverage of the services at issue."[17]

Plaintiffs argue that UBH failed to provide mental health coverage at parity with comparable intermediate medical benefits offered by the Plan. Specifically, Plaintiffs complain that UBH imposed greater restrictions on residential treatment for mental health than it did for medical facilities, such as skilled nursing homes.[18] Plaintiffs assert that "UBH denied benefits to E. applying the Plan's medical necessity criteria for mental health disorders in a more stringent way than it applies medical necessity criteria for medical/surgical disorders."[19]

However, these are merely conclusory allegations devoid of factual support. Plaintiffs fail to adequately alleged facts to support their claim that UBH applied less rigorous standards when evaluating analogous medical/surgical claims. Therefore, Plaintiffs' second cause of action is subject to dismissal. The Court will allow Plaintiffs the opportunity to amend their Complaint to include additional factual allegations to support their claim that Defendants applied processes, strategies, evidentiary standards, or other factors more stringently than those used with respect to medical/surgical benefits.

---

[16] *Vorpahl v. Harvard Pilgrim Health Ins. Co.*, No. 17-CV-10844-DJC, 2018 WL 3518511, at *4 (D. Mass. July 20, 2018).

[17] *H.H.*, 342 F.3d at 1319.

[18] Docket No. 2 ¶¶ 47–48.

[19] Docket No. 15, at 7.

B.     INDIVIDUAL CLAIMS

Defendants also seek dismissal of Anne and David's individual claims. ERISA provides that a participant or beneficiary may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[20] Similarly, a participant, beneficiary, or fiduciary may bring suit "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."[21]

Here, there are no allegations that David is a plan participant, beneficiary, or fiduciary. Therefore, David's individual claims are subject to dismissal.[22] Defendant does not appear to challenge David's ability to assert claims on behalf of E as her guardian. Therefore, he may continue to do so.

Anne, on the other hand, is a plan participant. Defendants nonetheless argue that her individual claims are subject to dismissal because she is not seeking to recover benefits due to her, but rather due to E. Plaintiffs point out, however, that Anne and David were the ones who paid for E's treatment at Uinta and they are seeking reimbursement for the money they expended, contending that these expenses should have been paid by the Plan. This is sufficient

---

[20] 29 U.S.C. § 1132(a)(1)(B).

[21] *Id.* § 1132(a)(3).

[22] *See Wedekind v. United Behavioral Health*, No. 1:07-CV26 TS, 2008 WL 204474, at *4 (D. Utah Jan. 24, 2008) (dismissing ERISA claim brought by parent who was neither a participant or beneficiary).

to confer statutory standing under § 1132(a)(1)(B).²³ Further, the relief that can be sought under § 1132(a)(3) is even broader than that available under § 1132(a)(1)(B) and does not depend on the recovery of benefits due to the plan participant or beneficiary. Thus, Anne has sufficiently alleged statutory standing.

In addition to arguing that David and Anne lack statutory standing, Defendants argue that they also lack constitutional standing. To establish standing, a plaintiff must prove (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief.²⁴ Where a party fails to carry its burden of establishing standing, the court must dismiss for lack of jurisdiction.²⁵

Defendants argue that Plaintiffs have not and cannot allege an injury. However, this argument again ignores the allegation that it was Anne and David who incurred the medical expenses they allege should have been paid by the Plan. Plaintiffs argue that they had a legal and moral duty to provide for E's care and have wrongfully expended over $170,000 to provide for services that should have been covered by the Plan. This is sufficient to allege an injury-in-fact.²⁶ Thus, Anne has established constitutional standing and her claims will not be dismissed.

---

²³ *Lisa O. v. Blue Cross of Idaho Health Servs. Inc.*, No. 1:12-CV-285 EJL-LMB, 2014 WL 585710, at *2–3 (D. Idaho Feb. 14, 2014); *see also* 29 U.S.C. §§ 1002(7), 1132(a)(1)(B).

²⁴ *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

²⁵ *Id.*

²⁶ *Willis v. Regence Bluecross Blueshield of Utah*, No. 2:07-CV-616 BSJ, 2008 WL 4693581, at *8–9 (D. Utah Oct. 23, 2008) (holding that plan participant father had constitutional standing to bring claim to recover funds he paid for expenses incurred by his daughter).

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 9) is GRANTED IN PART AND DENIED IN PART as set forth above. Plaintiffs may file an amended complaint to cure the deficiencies in their second cause of action within thirty (30) days of this Order.

DATED this 6th day of May, 2019.

BY THE COURT:

Ted Stewart
United States District Judge