IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANNE M., DAVID W., and E. W.-M., <br><br>    Plaintiffs, <br> v. <br><br> UNITED BEHAVIORAL HEALTH and MOTION PICTURE INDUSTRY HEALTH PLAN FOR ACTIVE PARTICIPANTS, <br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY (DOC. NO. 48)** <br><br> Case No. 2:18-cv-00808-HCN-DAO <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiffs Anne M., David W., and E. W.-M.'s (collectively, the "M. Plaintiffs") Motion to Conduct Discovery ("Mot.") (Doc. No. 48).

In this case, the M. Plaintiffs brings two causes of action against Defendants United Behavioral Health ("UBH") and Motion Picture Industry Health Plan for Active Participants ("Plan") (collectively, "Plan Defendants") arising out of their failure to pay for treatment E. W.-M. received at Uinta Academy ("Uinta"), a licensed residential treatment facility in Utah. (Am. Compl. ¶¶ 2–3, 5, 8, Doc. No. 25.) The first claim is for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.*, ("ERISA"), and the second claim alleges a violation of the Mental Health Parity and Addiction Equity Act of 2008, codified at 29 U.S.C. § 1185a(a)(3)(A)(ii) and enforced through 29 U.S.C. § 1132(a)(3) ("Parity Act"). (*Id.* ¶¶ 38–53.)

The M. Plaintiffs seek leave to conduct discovery on their Parity Act claim. While acknowledging that discovery is limited for ERISA claims, the M. Plaintiffs argue their Parity Act claim is distinct and that discovery as to this claim is permissible, relevant, and necessary.

(Mot. 1–2, 8–9, Doc. No. 48.)  The Plan Defendants oppose the motion, arguing "the heart" of the M. Plaintiffs' claims is the for recovery of benefits under ERISA and, as such, discovery should be limited to the production of the administrative record.  (Opp'n to Mot. to Conduct Discovery ("Opp'n") 2, Doc. No. 49.)  They also argue that to the extent the court permits discovery, it should limit its scope.  (*Id.*)

Having reviewed the parties' briefing, the court GRANTS the M. Plaintiffs' motion for the reasons set forth below.  The court will permit the M. Plaintiffs to conduct discovery on the Parity Act claim.  However, the court does not address the Plan Defendants' arguments directed at the scope, overbreadth, relevance, and proportionality of the proposed discovery requests attached to the M. Plaintiffs motion.  The court finds these arguments to be premature, as these discovery requests have not yet been served.

## BACKGROUND

David W. and Anne M. are parents to E. W.-M.  (Am. Compl. ¶ 1, Doc. No. 25.) Plaintiff Anne M. is a participant in the Plan and her daughter, E. W.-M. ("E.") is a beneficiary of the Plan.  (*Id.* ¶ 2.)  The Plan is a self-funded employee welfare benefits plan under ERISA. (*Id.*)  Uinta is a licensed residential treatment facility that provides "sub-acute treatment to adolescent girls who have experienced trauma and have mental health, behavioral, or substance abuse problems."  (*Id.* ¶ 5.)  E. received treatment for behavioral and mental health conditions at Uinta between November 14, 2014 and October 6, 2016.  (*Id.* ¶ 18.)

Defendant UBH was the claims administrator for mental health claims under the Plan during E.'s treatment.  (*Id.* ¶ 4.)  UBH initially denied coverage for E.'s treatment at Uinta for lack of authorization.  (*Id.* ¶ 15.)  After E.'s appeal, UBH sent a subsequent denial letter citing UBH's level of care guidelines for mental health residential treatment.  (*Id.* ¶ 16.)  Plaintiff Anne

M. again appealed the denial of coverage.  (*Id.* ¶¶ 17–25.)  UBH again denied coverage for E.'s

treatment, saying her condition did not require residential treatment.  (*Id.* ¶ 26.)  After another

appeal, UBH again upheld its denial of coverage for E.'s treatment on July 3, 2018.  (*Id.* ¶ 35.)

The denial letter stated that based on its internal level of care guidelines, UBH denied coverage

for "residential level of care," because E.'s "care could have continued in a less intensive

setting."  (*Id.* ¶ 35.)

The M. Plaintiffs filed suit against the defendants, asserting a claim for recovery of

benefits under ERISA.  (Compl., ¶¶ 38–41, Doc. No. 2.)  In addition, the M. Plaintiffs filed a

second claim for violations of the Parity Act, alleging UBH and the Plan provided less coverage

for E.'s residential mental health and substance abuse treatment than they would have provided

for analogous residential treatment to medical or surgical patients.  (*Id.* ¶¶ 42–50.)

In relevant part, Defendants moved to dismiss the M. Plaintiffs' second cause of action

under the Parity Act.  (Defs.' Mot. to Dismiss Pls.' Compl. with Prejudice 1–3, Doc. No. 9.)  The

district judge dismissed the M. Plaintiffs' Parity Act claim but allowed the M. Plaintiffs thirty

days to "file an amended complaint to cure the deficiencies in their second cause of action."

(Mem. Dec. and Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss 8, Doc. No.

22.)  The M. Plaintiffs filed an Amended Complaint on May 20, 2019.  (Am. Compl., Doc. No.

25.)  The Plan Defendants again moved to dismiss the M. Plaintiffs' Parity Act claim.  (Defs.'

Mot. to Dismiss Pls.' Am. Compl. with Prejudice 1–2, Doc. No. 28.)  The district judge denied

their motion.  (Minute Order, Doc. No. 38.)

With the instant motion, the M. Plaintiffs ask the court for permission to conduct

discovery on their Parity Act claim.  (Mot., Doc. No. 48.)

**DISCUSSION**

In their motion, the M. Plaintiffs argue they should be permitted to conduct discovery on their Parity Act claim for three reasons: first, because the Parity Act claim is separate from the ERISA claim; second, because discovery is permitted for Parity Act claims and is necessary to prove a Parity Act violation as applied; and, third, because the requested discovery satisfies the requirements of Rule 26(b)(1) of the Federal Rules of Civil Procedure.  (Mot. 1–10, Doc. No. 48.)

In opposition, the Plan Defendants make two main arguments.  First, they argue the plaintiffs' Parity Act claim is, at its heart, an ERISA claim for benefits under § 1132(a)(1)(B) and, as such, discovery should be limited to the administrative record.  (Opp'n 2–6, Doc. No. 49.)  Second, the defendants argue that even if some extra-record discovery is ordered by the court, the plaintiffs' discovery requests are overly broad and not proportional to the needs of their case.  (*Id.* at 6–10.)

**A. The M. Plaintiffs' Parity Act Claim is Distinct from Its ERISA Claim.**

First, the court finds the M. Plaintiffs' Parity Act claim to be legally and factually distinct from their ERISA claim.  The M. Plaintiffs' allegations that the Plan Defendants violated the Parity Act are enforceable through a cause of action under a distinct provision of ERISA—29 U.S.C. § 1132(a)(3).  This cause of action alleges a statutory violation of ERISA itself and does not arise from an alleged violation of rights under an ERISA plan.  *See Joseph & Gail F. v. Sinclair Servs. Co.*, 158 F. Supp. 3d 1239, 1259 n.118 (D. Utah 2016) (explaining that the Parity Act is an "amendment to ERISA, making it enforceable through a cause of action under § 1132(a)(3) as a violation" of ERISA's statutory provisions).  "Section 502(a)(3) actions are to enforce rights not arising under ERISA plans, but rather arising from ERISA itself.  Therefore, a

finding that claims arise from ERISA § 502(a)(3) reverts discovery into the traditional realm and is governed under traditional federal, circuit, and local procedure." *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1355–56 (D. Wyo. 2007).

The M. Plaintiffs' claims are factually distinct as well. In their first cause of action, the M. Plaintiffs allege the Plan Defendants violated the terms of ERISA and the Plan by failing to provide coverage for E.'s treatment and failing to provide a full and fair review of E.'s claims. (Am. Compl. ¶¶ 38–41, Doc. No. 25.) In their second cause of action for violation of the Parity Act, the M. Plaintiffs allege the Plan Defendants differentially evaluate the medical necessity of treatment at mental health treatment facilities like Uinta and the medical necessity of treatment at analogous medical/surgical facilities by deviating from generally accepted standards of medical practice for the former but not the latter. (*Id.* ¶¶ 43–51.) The M. Plaintiffs also seek equitable relief as a remedy unique to their Parity Act claim. (*Id.* ¶ 52.) Rule 8 of the Federal Rules of Civil Procedure allows for this type of alternative pleading. Fed. R. Civ. P. 8(d)(3).

Courts in this district analyzing the Parity Act have found discovery limitations applicable to ERISA claims brought under § 1132(a)(1)(B) do not apply to distinct claims brought under the Parity Act. *See Randall R. v. Regence Blue Cross Blue Shield of Utah*, No. 2:18-cv-00381-DB-PMW, 2020 U.S. Dist. LEXIS 4587, at *4–5 (D. Utah Jan. 9, 2020) (unpublished) (granting motion to conduct discovery on Parity Act claim); *Timothy D. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-00753-DAK, 2019 U.S. Dist. LEXIS 100388, at *12 (D. Utah June 14, 2019) (unpublished) ("The nature of Parity Act claims is that they generally require further discovery to evaluate whether there is a disparity between the availability of treatments for mental health and substance abuse disorders and treatment for medical/surgical conditions."); *Melissa P. v. Aetna Life Ins. Co.*, No. 2:18-cv-00216-RJS-EJF, 2018 U.S. Dist.

LEXIS 216775, at *10 (D. Utah Dec. 26, 2018) (unpublished) (indicating that "[d]iscovery will

allow [plaintiff] to learn and compare the processes, strategies, evidentiary standards, and other

factors [defendant] used for sub-acute care in both realms").  The court finds the reasoning of

these cases persuasive and applicable here.

The legal and factual distinctions between the M. Plaintiffs' two causes of action

undercut the Plan Defendants' argument that the Parity Act claim is just a repackaged ERISA

claim for benefits.  Whether the M. Plaintiffs will ultimately prevail on both claims is not

relevant to deciding whether discovery is permissible on the Parity Act claim.

### B.  Discovery is Permissible and Necessary Under the Parity Act.

Discovery is necessary when the plaintiffs allege an as-applied violation of the Parity

Act, as is the case here. (*See* Am. Compl. ¶¶ 50–51, Doc. No. 25.)  Limiting discovery to the

prelitigation appeal record would be inconsistent with both the purpose of the Parity Act and its

implementing regulations.

The Parity Act "'prevents insurance providers from writing or *enforcing* group health

plans in a way that treats mental and medical health claims differently.'"  *Christine S. v. Blue*

*Cross Blue Shield of N.M.*, 428 F. Supp. 3d 1209, 1219 (D. Utah 2019) (emphasis added)

(quoting *David S. v. United Healthcare Ins. Co.*, No. 2:18-cv-00803, 2019 U.S. Dist. LEXIS

157046, at *7 (D. Utah Sept. 13, 2019) (unpublished)).  Violations of the Parity Act can arise

from the plan documents "as written and in operation."  29 C.F.R. § 2590.712(c)(4)(i).

The Parity Act's implementing regulations prohibit quantitative and nonquantitative

limits on mental health and substance abuse disorder benefits that are more restrictive than those

in place for medical/surgical benefits.  29 C.F.R. § 2590.712(c).  Examples of nonquantitative

limits identified in the Parity Act's implementing regulations include "[r]estrictions based on

geographic location, facility type, provider specialty, and other criteria that limit the scope and duration of benefits for services provided under the plan or coverage." *Id.* § 2590.712(c)(4)(ii)(H).  Notably, the Parity Act regulations provide that a plan administrator's required disclosures may include documents allowing for a meaningful analysis of the "processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan." *See* 29 C.F.R. § 2590.712(d)(3).

Limiting discovery to the plan documents and prelitigation appeal record, as the Plan Defendants propose, will improperly hamstring the M. Plaintiffs' ability to prove a violation of the Parity Act as applied.  *See Christine S.*, 428 F. Supp. 3d at 1219 ("[P]laintiffs often must plead 'as-applied' challenges to enforce their Parity Act rights when a disparity in benefits criteria does not exist on the face of the plan.").  By their nature, documents and information about the "processes, strategies, or other factors utilized . . . to limit coverage" could reasonably be expected to exist outside of the plan documents, as the M. Plaintiffs assert and seek.  (*See e.g.*, Ex. A to Mot., Discovery Requests, Doc. No. 48-1 at 5.)  Further, the prelitigation appeal record is not likely to include analogous medical or surgical treatment documents necessary to litigate a Parity Act claim because E. was only treated for mental health, behavioral, and substance abuse disorders.

Having concluded the M. Plaintiffs' Parity Act claim is independent of its ERISA claim and that discovery is necessary to evaluate whether the Plan treats mental health and substance abuse claims differently than medical/surgical claims, the court now addresses the Plan Defendants' arguments concerning the proposed requests attached to the M. Plaintiffs' motion.

### C. The Plan Defendants' Objections to the Relevance, Scope, and Proportionality of Specific Requests are Premature.

The Plan Defendants assert that the proposed discovery requests attached to the M. Plaintiffs' motion are "far too broad and go well beyond the needs of the case." (*See* Opp'n 6, Doc. No. 49.) The Plan Defendants object to various discovery requests as vague, overbroad, irrelevant, and non-proportional. (*Id.* at 6–10.) The Plan Defendants also object that (1) the requests should be limited in time to the specific dates of the residential treatment; (2) the requests seek information that is confidential and proprietary; (3) the requests concerning certain types of facilities and programs, such as inpatient hospice care, are irrelevant; and (4) the requests seeking documents regarding insurance policies and health plans that are not at issue in the case are overbroad. (Opp'n 7–10, Doc. No. 49.)[1]

The court finds these objections premature. The M. Plaintiffs have not yet served the discovery requests and the Plan Defendants have not responded to them. After the M. Plaintiffs propound their requests, the Plan Defendants may assert objections, as appropriate, in their responses. If disputes arise and the parties are unable to resolve them after making reasonable efforts to meet and confer as required under DUCivR 37-1(a)(1), the parties may bring any disputes before the court by filing a short form discovery motion, as appropriate.

---

[1] The Plan Defendants also cite this district's denial of discovery and dismissal of similar Parity Act claims in support of their position. (*Id.* at 10 (citing *Sarah W. v. Cigna Health & Life Ins. Co.*, No. 2:19-cv-00629-DB, 2020 U.S. Dist. LEXIS 37462 (D. Utah Mar. 3, 2020) (unpublished) and *E.W. v. Health Net Life Ins. Co.*, No. 2:19-cv-499-TC, 2020 U.S. Dist. LEXIS 88127 (D. Utah May 19, 2020) (unpublished).) In *Sarah W.*, the court dismissed the plaintiff's Parity Act claim under Rule 12(b)(6) and would not allow discovery to remedy the pleading's deficiencies. 2020 U.S. Dist. LEXIS 37462, at *6. Similarly, in *E.W.*, the court dismissed the plaintiff's Parity Act claim. 2020 U.S. Dist. LEXIS 88127 at *13–16. Here, the Plan Defendants' motion to dismiss the M. Plaintiffs' Parity Act claim was denied, so the cases are not analogous.

## **CONCLUSION**

Based on the foregoing, the court GRANTS the M. Plaintiffs' Motion to Conduct

Discovery (Doc No. 48).

DATED this 31st day of August, 2020.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

9